**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ANASTASIA YELLING** | **CASE NO. 6:25-CV-00925** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BROOKSHIRE GROCERY CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before the Court is the MOTION FOR SANCTIONS UNDER RULE 37 [Doc. 36] filed by Defendant Brookshire Grocery Company. The motion is unopposed. For the reasons below, the undersigned recommends that the motion be GRANTED, and that Plaintiff Anastasia Yelling's claims be DISMISSED with prejudice.

## Factual and Procedural Background

The instant suit, which was removed to this Court on June 30, 2025, arises out of a slip-and-fall incident in which Yelling allegedly sustained injuries. [Doc. 1-1]. On August 27, 2025, Yelling's attorney withdrew from representation. [Doc. 14]. On January 13, 2026, Brookshire propounded discovery to Yelling. [Doc. 27-4]. On March 10, 2026, Brookshire filed a Motion to Compel, seeking an order compelling Yelling to respond to its discovery requests. [Doc. 27]. By Order issued March 13, 2026, Brookshire's motion was set for briefing. [Doc. 28]. Pursuant to that Order, Yelling's opposition was due on or before March 31, 2026. *Id.* Yelling filed no opposition. On April 9, 2026, this Court granted Brookshire's motion to compel and ordered Yelling to respond to Brookshire's discovery requests by May 1, 2026. [Doc. 29].

On June 4, 2026, Brookshire filed a motion seeking sanctions in the form of dismissal based on Yelling's failure to comply with this Court's orders. [Doc. 32]. Out of an abundance of caution, the Court denied the motion without prejudice, ordered Yelling to respond to

Brookshire's discovery requests, and ordered Yelling to maintain an up-to-date physical address with the Court. [Doc. 35].

On October 5, 2026, Brookshire filed the instant motion pursuant to Rule 37 due to Yelling's further noncompliance with this Court's orders. [Doc. 36].

**<u>Law & Analysis</u>**

Federal Rule of Civil Procedure 37 governs the imposition of sanctions for a party's failure to cooperate in discovery. When a party fails to comply with a court's discovery order, the court may issue further just orders, including ordering dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v).

In order for dismissal to be proper pursuant to Rule 37, a lesser sanction must be unavailable. *Id.* "Moreover, the imposition of a sanction without a prior warning is to be avoided." *Francois v. Blandford,* 2012 WL 38291 (E.D. La. 2012) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). Actions by a party triggering Rule 37(d) sanctions do not need to be willful and may be negligent, but "the level of culpability might inform the appropriate sanction." *Abram v. Ashland Servs., LLC*, 2016 WL 7116018 (E.D. La. 2016) (citing *Coane v. Ferrara Pan Candy, Co.*, 898 F.2d 1030, 1032) (5th Cir. 1990).

Here, Yelling has been afforded ample time to respond to Brookshire's discovery requests and has been ordered to do so twice. [Docs. 29, 35]. Brookshire is not certain whether the physical address it has for Yelling is current and/or accurate [Doc. 32-1 at p. 2], and, despite this Court's order [Doc. 35], Yelling has failed to update her address with the Court. Neither Brookshire nor the Court is able to reach Yelling. Therefore, the undersigned finds that a sanction lesser than dismissal is unavailable. Furthermore, this Court has cautioned Yelling of the possibility of the imposition of sanctions against her as a result of her failure to comply with court orders. [*See* Doc. 29 ("If Yelling fails to obey this order,

Brookshire is authorized to file a motion seeking a "further just order" under Rule 37(b)(2)(A) to include dismissing the action or proceeding in whole or in part.")]. Despite this warning and the ample time afforded to Yelling to comply with this Court's orders, Yelling has failed to respond to Brookshire's requests for discovery. [Doc. 36]. Accordingly, the undersigned finds it appropriate that sanctions should be imposed against Yelling in the form of dismissal of her claims pursuant to Rule 37.

Rule 41(b) provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A dismissal pursuant to Rule 41(b) is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the party, rather than counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976). When a plaintiff is without counsel, however, she is responsible for the prosecution of her case. A litigant's *pro se* status does not render her exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593. A plaintiff's failure to prosecute her case with due diligence may lead to dismissal even if the plaintiff has engaged to a limited extent. *See Afuwajomo v. De Guzman*, 478 F. App'x 67, 68 (5th Cir. 2012). Failure to respond to or comply with court

orders justifies a Rule 41(b) dismissal. *Nguyen v. SFM, LLC*, 2020 WL 6391568, at *1 (E.D. Tex. 2020). Despite requests from Brookshire and orders of this Court, Yelling has not taken a step in furtherance of the prosecution of her case since attending a telephone scheduling conference on January 20, 2026. [Doc. 24]. Therefore, the undersigned finds that Yelling has failed to prosecute her case with due diligence.

Failure to respond to a dispositive motion justifies a Rule 41(b) dismissal. *Afuwajomo*, 478 F. App'x at 68 (5th Cir. 2012). In the instant case, Yelling failed to respond to Brookshire's first motion for sanctions in which Brookshire sought dismissal of her claims. Yelling then failed to respond to the instant motion. Accordingly, the undersigned recommends dismissal of Yelling's claims against Brookshire pursuant to Rule 41(b) due to her failure to comply with the orders of this Court, failure to respond to dispositive motions, and failure to comply with the local rules of the Court.

**Conclusion**

For the foregoing reasons, the undersigned recommends that the MOTION FOR SANCTIONS UNDER RULE 37 [Doc. 36] filed by Defendant Brookshire Grocery Company be GRANTED and that Plaintiff Anastasia Yelling's claims be DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar

an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

SO ORDERED this 20th day of October, 2026, at Lafayette, Louisiana.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**